JONES *v.* STATE.*

(Division B.   May 30, 1927.)

[113 So. 191.   No. 26081.]

1. INTOXICATING LIQUORS. *Date of sale of liquor alleged in affidavit in justice court may be changed by amendment on appeal to circuit court.*

Where an affidavit charging unlawful sale of liquor alleges a date therein on which the sale was made, such date may be changed by amendment on appeal to the circuit court.

2. CRIMINAL LAW. *State may rely on either or both of two sales of liquor before alleged date; if state elects to rely on one of two sales of liquor prior to date charged, defendant may invoke statute in subsequent transactions.*

Where the state offers evidence of two sales at distinct times, both anterior to the date charged in the affidavit, the state may rely upon either or both of said sales; if the state elects to rely upon one sale alone in its instruction, this does not prevent the defendant from having benefit of the statute in subsequent transactions. Such option, however, does not avail him on appeal from a conviction obtained during such trial.

3. CRIMINAL LAW. *Where excessive sentence is suspended as to unauthorized portion, supreme court will limit judgment to sentence authorized and imposed to be presently served; imprisonment under erroneous six months' jail sentence, suspended except for ninety days, for selling liquor, will be limited to legal maximum, ninety days (Hemingway's Code, section 2086).*

Where a court, imposing a sentence, exceeds the sentence authorized by law, but suspends the portion of the sentence which is unauthorized by law, during the good behavior of the convicted person, this court, on appeal, will limit the judgment to the sentence authorized by law and imposed by the court to be presently served.

*Corpus Juris-Cyc References: Criminal Law, 16CJ, p. 267, n. 62; p. 268, n. 67; p. 383, n. 71; 17CJ, p. 366, n. 60; Intoxicating Liquors, 33CJ, p. 710, n. 21.

APPEAL from circuit court of Lauderdale county.
HON. R. M. BOURDEAUX, Judge.

B. M. Jones was convicted of selling intoxicating liquor, and he appeals. Modified and affirmed.

*Chas. B. Cameron,* for appellant.

As a proposition of law this appellant could not be legally convicted of a sale subsequent to the date laid in the affidavit, if he had purchased the same between June

19 and June 30 because the court positively limited the right of conviction to a sale occurring within two years prior to June 19, 1926. I insist that this court cannot tell by reading the record just when the alleged sale, if any, was made to the witness Frank Robinson, whether before June 18, 1926, or whether between June 18 and June 30, 1926.

Again, the state was confined to proof of other sales, under the statute, occurring two years prior to the date laid in the affidavit; and it appears that the date selected by the state finally after various amendments was June 18, and not June 19; and having been accepted as June 18, proof of other sales must have been confined to a time within two years prior; that is to say, before June 18.

It was error for the court to permit the state to introduce its testimony of prior sales and then select by instruction a particular sale on which it will depend for conviction. *King* v. *State,* 54 So. 657. The election should have been made before the introduction of proof as stated by Judge Anderson in the King case. See, also, *Oliver* v. *State,* 101 Miss. 382, 58 So. 6.

In the case at bar, section 1762 is directly brought into use by the state and the state laid the specific date in the affidavit, but this was done after practically all of the testimony was introduced. The state was not required to elect on which sale it would depend for a conviction, but of its own motion did elect by virtue of the instruction granted it by the court.

We submit that under the authority of *Oliver* v. *State, supra,* this cause should be reversed.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

Counsel for appellant apparently argues that the court was in error in overruling his objection with reference to the amending of the date laid in the affidavit. That this action of the court was proper cannot be questioned,

in view of the provisions of section 1269, Hemingway's Code (section 1511, Code of 1806), permitting the amendment of affidavits in criminal cases on appeal from justice courts so as to bring the merits of the case fairly to trial.

We submit that the testimony is amply sufficient to show that intoxicating liquor was sold by the defendant prior to the date laid in the affidavit. Counsel argues that an instruction granted the state elected to try the defendant on the sale to Frank Robinson and that for this reason the court erred in permitting the state to give in evidence other sales than this particular one. *King* v. *State,* 99 Miss. 33, 54 So. 657, does not sustain the contention of the defendant; neither has *Oliver* v. *State,* 101 Miss. 382, 58 So. 6, any application to this case whatsoever.

ETHRIDGE, J., delivered the opinion of the court.

The appellant, B. M. Jones, was tried and convicted of the unlawful sale of intoxicating liquor and was sentenced to pay a fine of five hundred dollars and to serve a term of six months in the county jail, from which conviction this appeal is prosecuted.

The prosecution originated in the court of a justice of the peace, and the affidavit charged that the offense was committed on the 29th day of June, 1926, while the affidavit, on its face, shows that it was sworn to on the 18th day of June, 1926. There was a variance in the date of the affidavit and warrant. The first witness placed upon the stand testified to buying some "home brew" from the defendant, appellant here, about three months prior to the time of the trial in the circuit court, the court being held in August, 1926. He could not place the date with exactness, and objection was made to his testimony; and the court ruled that it would not permit any evidence to be introduced subsequent to the date of the affidavit. The district attorney thereupon amended the affidavit

so as to charge that the sales were made on the 18th day of June, 1926.

Another witness testified that he bought "home brew," also from the defendant, prior to the trial in the justice court, between March and July, 1926, and that to the best of his recollection he bought it in May, 1926. There was testimony of some sales of Jamaica ginger, but this was excluded from the jury because it was not shown to be an intoxicating beverage.

The second witness testified that the "home brew" had a "kick" in it, and he could feel the effects of it; that in his judgment it would produce intoxication if drunk to excess. It appears that the bottles sold were of the size known as "Try-Me," which the witness stated was about a half-pint bottle; and the witness estimated that six of these bottles would produce intoxication.

There was some evidence to the effect that on a certain Sunday afternoon automobiles assembled around the place of business, parties went in at the back door, and seemed to be hilarious. After the evidence was closed, the state procured the following instruction:

"The court instructs the jury for the state that if you believe from the evidence in the case beyond a reasonable doubt that the defendant sold three bottles of liquor called home brew to the witness, Frank Robinson, within two years prior to June 19, 1926, and that such liquor, if any such there was, if drunk to excess would intoxicate, it is your duty to find the defendant guilty as charged."

Frank Robinson's evidence showed that he bought two bottles and not three bottles of "home brew;" and it was contended that there was no evidence to justify this instruction because Robinson did not buy three bottles.

It is further contended that the state could not after proving two or more offenses, elect to proceed on the sale to Frank Robinson and ignore other sales to other witnesses; that having invoked the statute, the state must take the benefit as well as the burden of the statute;

and the defendant was entitled to an acquittal of all offenses anterior to the date of the indictment.

We think there is no merit in these contentions. It is true the witness, Robinson, testified only to buying two bottles, and the instruction had the effect of putting a greater burden upon the state than was necessary for it to bear. If the defendant sold to the witness, Robinson, any intoxicating liquors, he was guilty whether he sold one bottle, or two, or any other quantity. We also think that the contention is not well founded here, for the reason that it does not arise in the proceeding before us. When the state introduced more than one sale, the defendant was entitled to a plea of *autrefois acquit,* or *autrefois convict* of any sales thereafter charged against him anterior to the date laid in the indictment. He will, of course, be entitled to invoke this principle should he hereafter be put to trial for offenses committed anterior to the date laid in the affidavit and within the period of limitation from that date. But that question does not arise on this conviction. He is not entitled to invoke it in the present case. If the state convicts on one of the offenses after having introduced more than one, he has the right to invoke the statute thereafter. It does not affect his right in the present case.

It is also contended that the punishment inflicted is greater than authorized by law, and the judgment should be reversed and the cause remanded even though the conviction be affirmed. As stated above, the court sentenced him to six months' imprisonment and to pay a fine of five hundred dollars, suspending all the fine with the exception of one hundred dollars and costs, and all imprisonment with the exception of ninety days, the rest of the imprisonment to be held in suspension during good behavior, and subject to imposition by the judge, either in term or time of vacation, without notice to the defendant, if for any reason he deemed it necessary to impose it.

By an examination of section 2086, Hemingway's Code 1917 (Laws of 1912, chapter 214), it will be seen for the first offense a fine may be imposed for as much as five hundred dollars, and imprisonment may be for as much as three months.  As the trial judge intended the defendant to pay one hundred dollars and costs and serve three months at all events, we think that judgment may be modified here by limiting the imprisonment to ninety days, the maximum imprisonment under this statute; otherwise the judgment to remain in full force and effect.

*Affirmed, with modification.*